SO ORDERED: October 20, 2008.



_____
**Frank J. Otte
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 07-80157-FJO-7 |
| DERRICK LEE WARD | ) | |
| _____ | ) | |
| | ) | |
| SCOTT BARRIER, ALETA BARRIER, KEITH PADRICK, and LORA PADRICK | ) ) ) | |
| | ) | |
| Plaintiffs | ) | Adversary Pro. No. 07-58018 |
| | ) | |
| v. | ) | |
| | ) | |
| DERRICK LEE WARD | ) | |
| | ) | |
| Defendant | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter came before the filing of the Complaint. The Court held a trial on this matter and it is now ready for the Court's consideration.

1

The Court, having reviewed the evidence submitted by the parties, now makes the following findings of fact and conclusions of law:

### Findings of Fact

1. This is an adversary proceeding wherein the Plaintiff is seeking a determination of nondischargeablily of a debt under Section 523 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter under 11 U.S.C.A. Section 523 and 28 U.S.C.A. Section 1334 and Section 157.  It is a core proceeding under 11 U.S.C.A. Section 157(b)(2)(l), arising under Title 11 U.S.C.A. and arising in the above referenced case under Chapter 7 of the Bankruptcy Code.

3. The Plaintiffs, Scott and Aleta Barrier are husband and wife and Keith and Lora Padrick are husband and wife.

4. The Defendant is an individual in the business of building homes.

5. The Defendant entered into a contract with the Barriers doing business as a business entity on or about July 21, 2006 for certain home improvements and or building of structures.

6. On or about February 20, 2007, a subcontractor filed a mechanics lien against the Barrier's property.

7. The Defendant entered into contracts with the Padricks doing business as a business entity on or about May 8, 2006 for the construction of a certain dwelling to be build on their property.

8. On or about February 2, 2007, a subcontractor filed a mechanics lien against the Padrick's property.

9. The Plaintiffs used financing through Countrywide Home Loans, which provided for construction loan draws.

## Conclusions of Law

1. The Plaintiffs assert the Defendant's conduct in executing affidavits that he had paid subcontractors to receive draws from Countrywide Home Loans to make disbursements to him when, they allege, he knew that no payments had been made constitutes a home improvement fraud under the provisions of I.C. 35-43-6-12(a) and further constitutes intentional and actual fraud under 11 U.S.C. section 523(a)(2)(A) and the indebtedness is therefore non-dischargeable.

2. 11 U.S.C. section 523(a)(2)(A) reads as follows:

> <u>11 USC § 523. Exceptions to discharge</u>
>
> <u>(a) A discharge under **section 727**, **1141**, **1228(a)**, **1228(b)**, or **1328(b)** of this title does not discharge an individual debtor from any debt--</u>
>
> <u>(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--</u>
>
> <u>(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;</u>

3. The Plaintiffs correctly set out in their brief the elements the Courts look to in assessing cases under 11 U.S.C. section 523(a)(2)(A). The creditor seeking nondischargeability under Section 523(a)(2)(A) must establish by a preponderance of the evidence that (1) the debtor made a representation to the creditor; (2) the debtor's representation was false; (3) the debtor possessed scienter (an intent to deceive) ;(4) the creditor relied on the debtor's misrepresentation, resulting in a loss to the creditor; (5) and the creditor's reliance was justifiable.

3

4. The Plaintiffs did not establish by a preponderance of evidence that the Debtor intended to deceive the Plaintiffs. At the time Debtor entered into the contracts with the Plaintiff, the evidence submitted established that the Debtor intended to complete the contracts. Defendant submitted evidence that he had paid the subcontractors for the Plaintiffs' homes in excess of the amounts alleged int eh Notices of Intention to hold Mechanics Liens, therefore establishing a defense to the foreclosure of the liens if the liens had been prosecuted.

5. There was not sufficient evidence presented by Plaintiffs to establish that the proceeds of the draws were converted to the Debtor's personal use - or even not used to ultimately pay the subcontractors.

6. The Court concludes that the evidence presented did not establish the scienter as required by Section 523(a)(2)(A) .

7. This Court will enter judgement in favor of the Defendant and against the Plaintiffs on the Complaint finding any indebtedness dischargeable.

###